OPINION
Appellant, Carol Fuchs, is the mother of Hailey Lunsford born February 27, 1997. On March 3, 1997, appellee, the Stark County Department of Human Services, filed a complaint alleging Hailey was a neglected child. Appellant stipulated to neglect. By judgment entry dated April 1, 1997, the trial court found Hailey to be neglected and placed Hailey in appellee's temporary custody.
On December 9, 1997, appellee filed a motion for permanent custody. A hearing was set for February 2, 1998 but was continued to April 19, 1998. On the morning of hearing, appellant requested a continuance. Said request was denied and the matter proceeded to hearing. The best interest portion of the hearing was held on May 14, 1998. By judgment entry filed May 22, 1998, the trial court granted appellee's motion for permanent custody.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE, THUS DEPRIVING THE APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
II
 WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT ADOPTION OF THE MINOR CHILD BY THE MATERNAL GRANDMOTHER WAS NOT IN THE CHILD'S BEST INTEREST WITHOUT AFFORDING HER THE OPPORTUNITY TO PRESENT EVIDENCE.
 I
Appellant claims the trial court erred in denying her request for a continuance. We disagree.
The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981),67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
Appellant had a court appointed attorney. At the commencement of the permanent custody hearing, the appointed attorney requested a continuance because she was newly appointed replacing another member of her office, she had met with appellant for the first time the day before the hearing, and she had just received discovery. T. at 4-5.
Appellant had not kept in contact with her previous attorney and had been unavailable for six months. T. at 5-7. Discovery was given admittedly late, but no motion to compel was ever filed to bring the matter to the trial court's attention. The discovery was limited to appellant's Quest Recovery Services's record and that information was available to appellant and her attorney.
Given the fact the only discovery was the Quest record, we find the trial court did not err in denying appellant's request for a continuance.
Appellant also argues the denial of the continuance deprived her of effective counsel.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish "* * * but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
Under cross-examination, appellant testified to her status at Quest, her positive urine screens and her failure to complete urine screens since August 1997. T. at 13-18, 21. We fail to find any prejudice to appellant.
Upon review, we find no ineffective assistance of trial counsel.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not determining it was in the child's best interest to be adopted by her maternal grandmother. We disagree.
R.C. 2151.414(D) sets forth the factors to be considered in determining custody and the best interests of the child, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Appellee's caseworker, Philip Kurtz, testified the maternal grandmother visited the child and had expressed some interest in custody but had never formally requested it. T. at 72-73. Mr. Kurtz testified if custody is granted to appellee and the child's foster family adopts her, the family is "committed" to maintaining contact with the grandmother. T. at 73. Mr. Kurtz opined the grandmother's interest was in being a grandmother and not a mother. Id. Mr. Kurtz conducted a background check on the grandmother and found the owner of the home she was living in had an "extensive history of domestic violence." T. at 76. For this reason, Mr. Kurtz determined it was unnecessary to conduct a home study because placement with the maternal grandmother was not recommended.
We note no motion was made to permit the grandmother to intervene or to consider placement with the grandmother. No evidence regarding the grandmother was presented other than Mr. Kurtz's testimony. There was no attempt to present any evidence even though the grandmother was present in the courtroom. At the conclusion of the hearing, the following exchange took place:
 BY THE COURT: The Court now will take this matter under advisement and will issue a ruling. That'll be all.
BY MS. LUNICH: Thank you, Your Honor.
 BY THE COURT: The grandmother is not present for the record?
BY VOICE: She is present.
 BY THE COURT: You were not called in best interest phase.
 BY MS. LUNICH: May I call her now as a witness Your Honor?
BY THE COURT: Counsels approach the bench.
TAPE RESTARTS AS FOLLOWS:
 BY THE COURT: We're on the record. Counsel indicates to me that she's asked to reopen the case, that she had not been made aware of any interest of her, is that correct, counsel?
BY MS. LUNICH: That's correct, Your Honor.
 BY THE COURT: And the grandmother didn't come forward to you or through the mother or make any basis on you.
BY MS. LUNICH: Yes.
 BY THE COURT: I believe you object to the motion to reopen?
BY MS. FRANTZ: For the record, Your Honor.
 BY THE COURT: Court's going to sustain that motion to reopen the case. Take the matter under advisement, I'll issue a ruling.
T. at 80-81.
By findings of fact and conclusions of law filed May 22, 1998, the trial court found as follows:
 4. The Court notes that during this hearing, no relative expressed an interest in adopting Hailey Lunsford. However, after the Defendant Mother rested her Case-in-Chief, the maternal grandmother expressed such an interest. The Court has taken this under advisement and finds that Hailey Lunsford is an adoptable child, but adoption by the maternal grandmother is not in the child's best interest.
We cannot say we disagree with the trial court's conclusion given Mr. Kurtz's testimony. Although there was a vain attempt to reopen the case, there was never any further evidence presented. The procedure at the conclusion of the hearing was tortured at best, but the record as a whole substantiates the trial court's conclusion.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Wise, P.J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.